Melvin Anthony
c/o 6336 High Cliff Lane
Fontana, California 92336
Telephone: (818) 917-9570



FILED
2012 OCT 22  AM 11:55
CLERK, U.S. ...
CENTRAL ...
LOS A...
BY_____

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN ANTHONY, *pro se*<br><br>*Plaintiff,*<br><br>v.<br><br>CACH, LLC., a Colorado limited liability company<br><br>*Defendant,* | **CV12-9057-CAS(JCG)**<br>Case No.:_____<br><br>**COMPLAINT**<br><br>**TRIAL BY JURY DEMANDED**<br><br>15 United States Code § 1692 *et seq.*<br>15 United States Code § 1681 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, Melvin Anthony, based on information, belief and investigation, hereby makes the following allegations:

## I. INTRODUCTION

• This is an action brought for damages arising from violations of the Fair Debt Collection Practices Act ("hereinafter FDCPA") 15 U.S.C. § 1692, *et seq.*, the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA") and the Fair Credit Reporting Act (FCRA), 15 USC §1681, *et seq.* While many violations are described below with specificity, this complaint alleges violations of the statutes cited in their entirety.  Unless otherwise stated, the actions and conduct of the Defendant took

place in ~~San Bernardino~~ <ins>Los Angeles</ins> County, California. All violative actions of the Defendant were carried out knowingly, willfully, and with full intent, and Defendant did not maintain procedures reasonably adapted to avoid such violations.

## II. JURISDICTION

2.  This Court has Jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Any claims under the state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction.

- 3.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), The Fair Credit Reporting Act (FCRA), 15 USC Section §1681, *et seq* and Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*.

## III. VENUE

4.  Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendant transacts business in this judicial district and the violations of the FDCPA & FCRA complained of occurred in this judicial district. The occurrences which give rise to this action occurred in San Bernardino County, California and Plaintiff resides in San Bernardino County, California. Venue is proper in the Central District of California.

## IV. PARTIES

5.  Plaintiff, Melvin Anthony (hereafter "Plaintiff"), is a natural person residing in San Bernardino, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

6.  Defendant, CACH, LLC (hereinafter "CACH") is a Colorado limited liability company with offices at 370 17th Street, Suite 5000, Denver, Colorado 80202-3050. CACH acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CACH operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumer's State of California. Defendant, CACH is a furnisher of information within the meaning of FCRA, 15 U.S.C. § 1692s-2.

## V. FACTUAL ALLEGATIONS

7.  Plaintiff is informed and believes, and thereon alleges, that on November 22, 2010, Defendant initiated a hard pull of Plaintiff's credit report from Experian, TransUnion and Equifax (collectively CRAs)

8.  At no time did Plaintiff ever have a relationship of any kind with Defendant as defined within the FCRA 15 U.S.C. § 1681b(3)(A)-(F).

9.  Plaintiff is informed and believes, and thereon alleges, that Defendant did not have a lawful purpose for requesting, obtaining or using Plaintiff's consumer credit report from CRAs. Therefore, Defendant's requests, acquisition and use of Plaintiff's consumer credit report were in violation of the FCRA, 15 U.S.C. § 1681b(f).

10. Plaintiff is informed and believes, and thereon alleges that Plaintiff mailed a letter of dispute to Defendant CACH via the US Postal Service, Certified Mail, which was received by the Defendant on or about September 10, 2012.

11. Plaintiff is informed and believes, and thereon alleges that CRAs received dispute letters (request for investigation) on May 20, 2012.

12. On or about September 1, 2011, Defendants served summons and lawsuit complaint (Exhibit "A") on Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. The summons and complaint (Exhibit "A") was the first written communication from Defendants in collection of the debt.

14. A true and accurate copy of the summons and complaint from Defendants is attached hereto, marked Exhibit "A", and by this reference is incorporated herein.

15. Plaintiff is informed and believes, and thereon alleges, that Defendants received dispute letters on September 15, 2012 and failed to mark Plaintiff's credit report in dispute as required by 15 U.S.C. § 1681s-2(n) and (o).

## VI. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

24. The Defendant is a debt collector, as such is governed under the law by the by The Fair Debt Collection Practices Act (FDCPA), 15 USC Section §1601, *et seq*. The Defendant is also governed under the law by The Fair Credit Reporting Act (FCRA), 15 USC Section §1681 *et seq*. The State of California abides by and adheres to these laws. Thus establishing the jurisdiction of this honorable court. Specifically section 813 of the FDCPA and 618 of the FCRA. The Plaintiff denies ever having any contractual agreement for credit, loans,

or services relationship with the Defendant CACH. *Any and all emphasis* employed herein may be construed to have been added. **Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. What is in question is whether the Defendant has permissible purpose to obtain Plaintiff's consumer credit reports. What is also in question is whether the alleged debt was properly validated and if wrongful actions of the Defendant, in an attempt to collect and report the alleged debt to credit reporting agencies, violated the civil rights of the Plaintiff and the law as outlined in The Fair Debt Collection Practices Act, 15 USC Section §1601, *et seq.* and The Fair Credit Reporting Act (FCRA), 15 USC Section §1681, *et seq.*.**

On or about Septemeber 1, 2011, Defendant served summons and lawsuit complaint (Exhibit "A") on Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). On or about September 10, 2012, the Plaintiff contacted the Defendant via the US Postal Service, Certified Mail, which was received by the Defendant on or about September 15, 2012. In that written correspondence, the Plaintiff disputed the alleged debt and demanded that the Defendant validate the alleged debt by providing strict proof of the indebtedness. To date, the Plaintiff has not received any response from Defendant pursuant to his request for validation, yet debt collection activity from the Defendant has continued. In addition, the Defendant has failed to update all of the Major Credit Reporting agency files to show that all accounts that the Defendant is reporting are in dispute. On or about May 15, 2012, the Plaintiff contacted national credit reporting agencies Experian, TransUnion and Equifax via the US Postal Service, Certified Mail. In that written correspondence, the Plaintiff disputed the alleged debt and demanded an investigation.

### Count I

The Defendants have violated Section 809, **Validation of debts [15 USC 1692g]** of the FDCPA by not providing Proof of the alleged debt as requested by the Plaintiff's letter of September 10, 2012 and by continuous collection activity prior to validation of the debt.

> (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion there, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of original creditor, is mailed to the consumer by debt collector.

**Plaintiff demands judgment for $1000.00 for each of the above violations $3000.00**

### Count II

Overshadowing. The communications from the Defendants to the Plaintiff discuss alleged amount owed and solicit methods to tender immediate payment, which overshadows the consumer warning.

> 1996 U.S. Dist LEXIS 22555,
>
> DEBRA TYCHEWICZ, Plaintiff v. RICHARD DOBBERSTEIN d/b/a CREDIT ASSOCIATES, Defendant. 96-C-0195-S UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

**Plaintiff demands judgment for $1000.00 for each of the above violations $1,000.00**

### Count III

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

According to the Fair Credit Reporting Act, § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]

   (a) Duty of Furnishers of Information to Provide Accurate Information

      (1) Prohibition

         (A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

         (B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer reporting agency if

            (i) <u>the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and</u>

            (ii) the information is, in fact, inaccurate.

      (2) Duty to correct and update information. A person who

         (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

         (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency and corrections to that information, or any additional information, that is necessary to make the

information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency and of the information that remains not complete and accurate.

(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a

consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

**Plaintiff demands judgment for $1000.00 for each month the Defendants have failed to report the alleged account in dispute.**

The information reported by CACH on the Experian, TransUnion and Equifax credit reports of May 15, 2012 do not reflect that the account is in dispute. According to the Fair Credit Reporting Act, **§ 616. Civil liability for willful noncompliance** [15 U.S.C. § 1681n],

- In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

    (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000,

    (2) such amount of punitive damages as the court may allow; and

    (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiff has a negative Experian score of 518, a negative TransUnion score of 532 and a negative Equifax score of 518 as of this date. Plaintiff has been denied credit or at reasonable rates due to the negligent noncompliance actions and/or inaction's of the Defendant. Plaintiff has suffered injury in the form of Defamation of character.

THEREFORE, Plaintiff requests judgment against Defendant for damages of $144,000.00, plus cost, fees, and punitive damages as allowed by the court. Defendant CACH has never obtained verification of the alleged account or mailed/provided such verification to the Plaintiff.

Defendant CACH has never obtained authorization from Plaintiff to obtain Plaintiff's consumer credit reports. WHEREFORE, the Defendant has violated the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, Plaintiff demands judgment in the amount of $144,000.00, plus all cost of this action, along with punitive damages in the amount of $432,000.00.

Respectfully submitted this 22 day of October 2012

Melvin Anthony
c/o 6336 High Cliff Lane
Fontana, California 92336
Telephone: (818) 917-9570

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

### CV12- 9057 CAS (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

1  Melvin Anthony Jr.
2  c/o 6336 High Cliff Lane
   Fontana, California 92336    **FOR OFFICE USE ONLY**
3  Telephone: (818) 917-9570

4

5              **UNITED STATES DISTRICT COURT**
              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
6

7  MELVIN ANTHONY JR., *pro se*

8              *Plaintiff,*
                                    CV12-9057-CAS (JCGx)
9                                   Case No.: _____
       vs.
10

11 CACH, LLC., a Colorado limited liability
   company
12             *Defendant,*              **SUMMONS**
                        **FOR OFFICE USE ONLY**
13 _____

14

15 ATTORNEY for Defendant CACH, LLC: MANDARICH LAW GROUP, LLP 6301
   Owensmouth Avenue, Woodland Hills, CA 91367
16 TO:     DEFANDANT: CACH, LLC., 370 17th Street, Suite 5000, Denver, Colorado 80202

17
   A lawsuit has been filed against you.
18
           Within __21__ days after service of this summons on you (not counting the day you
19 received it), you must serve on the plaintiff an answer to the attached _x_ complaint __amended
20 complaint __counter claim __cross-claim or a motion under Rule 12 of the Federal Rules of
   Civil Procedure. The answer or motion must be served on the plaintiff: Melvin Anthony Jr.,
21 whose address is: 6336 High Cliff Lane, Fontana, California 92336. If you fail to do so,
22 judgment by default will be entered against you for the relief demanded in the complaint. You
   also must file your answer or motion with the court.
23

24                                          Clerk, U.S. District Court

25

26
          OCT 2 2 2012
27 Dated: _____           By: _Ann M. Martinez_
                                        Deputy Clerk
28                                      *(Seal of the Court)*

                              SUMMONS

                                                              1197

              **FOR OFFICE USE ONLY**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Melvin Anthony Jr.

**DEFENDANTS**
CACH, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
6336 High Cliff Lane
Fontana, California 92336

**Attorneys** (If Known)
MANDARICH LAW GROUP, LLC
6301 OWENSMOUTH AVENUE, SUITE 850
WOODLAND HILLS, CA 91367

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** 572,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

TORTS PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☒ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: **CV12-9057**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) CIVIL COVER SHEET Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ~~San Bernardino~~ County  Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  10/22/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |