STEPHEN A. SCOTT (SBN 67467)
DARA M. TANG (SBN 231413)
**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
203 Redwood Shores Parkway, Suite 480
Redwood City, CA 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant CACH, LLC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN ANTHONY JR., pro se<br><br>Plaintiff<br><br>v.<br><br>CACH, LLC, a Colorado limited liability company,<br><br>Defendant. | CASE NO.   CV12-9057-CAS (JCGx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:**   January 14, 2013<br>**Time:**   10:00 a.m.<br>**Ctrm.:**   5, 2nd Floor |

415731

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................... - 2 -

II. ALLEGED FACTS ................................................................................. - 4 -

III. STANDARD ............................................................................................ - 4 -

IV. ARGUMENT ........................................................................................... - 6 -

    A. Plaintiff Fails to Plead a Plausible Claim for Relief Under the FCRA. ............................................................................... - 6 -

    B. Plaintiff Fails to Plead a Plausible Claim for Relief Under the FDCPA. ............................................................................. - 9 -

    C. Plaintiff Pleads No Facts Supporting Overshadowing. ................... - 9 -

V. CONCLUSION ..................................................................................... - 10 -

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal,*
   129 S.Ct. 1937 (2009) ("*Iqbal*") ........................................................................ 1, 5

*Bell Atlantic Corp. v. Twombly,*
   127 S.Ct. 1955 (2007) ("*Twombly*") ................................................................... 1, 5

*Bell Atlantic Corp. v. Twombly,*
   *supra*, 550 U.S. ..................................................................................................... 5, 6

*Branch v. Tunnell,*
   14 F.3d 449 (9th Cir. 1994) ...................................................................................... 6

*Caltabiano v BSB Bank & Trust Co.*
   387 F. Supp. 2d 135 (2005 E.D. N.Y.) ..................................................................... 8

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,*
   896 F.2d 1542 (9th Cir. 1990) .................................................................................. 5

*Higgins v Capitol Credit Services, Inc.,*
   762 F. Supp 1128 (1991 U.S. Dist. Del.) .............................................................. 3, 9

*In re Korean Air Lines, Co., Ltd.,*
   642 F.3d 685 (9th Cir. 2011) .................................................................................... 7

*In re Northpoint Communications Group, Inc., Securities Litigation,*
   221 F.Supp.2d 1090,1095 (N.D. Cal.2002; *Neilson v. Union Bank of
   California*, 290 F.Supp.2d 1101, 1114 (C.D. Cal.2003)) ........................................ 6

*In re Stac Electronics Securities Litigation,*
   89 F.3d 1399 (9th Cir. 1996) .................................................................................... 5

*Luna v. Kemira Specialty, Inc.,*
   575 F.Supp.2d 1166 (9th Cir. 2008) ......................................................................... 6

*Makreas v. The Moore Law Group, A.P.C.,*
   2011 U.S. Dist. LEXIS 11723 (N.D. Cal. 2011) ..................................................... 2

*Neilson v. Union Bank of California,*
   290 F.Supp.2d 1101 (C.D. Cal.2003) ...................................................................... 5

*Pyle v. First National Collection Bureau,*
  2012 U.S. Dist. LEXIS 56737 (E.D. Cal., April 23, 2012) ............................. 7, 8

*Rodriguez v. Cavalry Portfolio Services, LLC,*
  2012 U.S. Dist. LEXIS 30295 (S.D. Cal., March 6, 2012) ................................ 7

*Rush v. Macy's New York, Inc.,*
  775 F.2d 1554 (7th Cir. 1985) .......................................................................... 8

*United States v. Howard,*
  381 F.3d 873 (9th Cir. 2004) .......................................................................... 7

*United States v. Wilson,*
  631 F.2d 118 (9th Cir. 1980) ........................................................................... 7

**STATUTES**

15 U.S.C. §1681b(3)(A)-(F) .................................................................................. 2

15 U.S.C. §1681b(a)(3)(A) ............................................................................ 2, 7, 8

15 U.S.C. §§ 1681e, 1681g, and 1681i ................................................................. 8

15 U.S.C. §1681i ................................................................................................ 2, 8

15 U.S.C. §1681n .................................................................................................. 8

15 U.S.C. §1692g(A)(4) ..................................................................................... 3, 9

15 USCS § 1692g(a) ............................................................................................. 3

Fair Credit Reporting Act, 15, U.S.C. §1681 ........................................... 2, 3, 4, 6, 8

Fair Debt Collection Practices Act, 15 U.S.C. §1692 ................................... 2, 3, 6, 9

Federal Rule of Civil Procedure 12(b)(6) ................................... 1, 3, 4, 5, 6, 9, 10

PLEASE TAKE NOTICE that on a date to determined by the Court if necessary, or as soon thereafter as this matter may be heard in Courtroom A, of the above-entitled Court, located at U.S. District Court, Central District of California, Western Division, 312 North Spring Street, Los Angeles, CA 90012-4701, Defendant CACH, LLC ("CACH" or "Defendant") will move to dismiss the Complaint of Plaintiff MELVIN ANTHONY JR. ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).

The ground for this Motion is that the Complaint fails to state a claim upon which relief can be granted. Specifically, the Complaint does not contain facts sufficient to meet the pleading standards articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ("*Twombly*") and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ("*Iqbal*").

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the Proposed Order filed and served concurrently herewith, all papers and pleadings on file, and on such further oral and documentary evidence that may be offered at the Motion hearing.

DATED: November 9, 2012

HAYES SCOTT BONINO ELLINGSON & McLAY, LLP

By: /s/ *signature*
STEPHEN A. SCOTT
DARA M. TANG
Attorneys for Defendant
CACH, LLC

415731

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

This action arises out of the collection of a credit card debt owed by Plaintiff. It appears Plaintiff contends that Defendant CACH violated the Fair Credit Reporting Act, 15, U.S.C. §1681 *et. seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") by (1) pulling Plaintiff's credit report, (2) by failing to provide a validation of debt after service of the September 1, 2011 state court collection action, and (3) by virtue of "overshadowing" because communications between the parties discussed the alleged amount owed and solicit methods to tender immediate payment thereby defeating the consumer warning. However, Plaintiff fails to allege any facts supporting his claims, and all of Plaintiff's claims fail on separate and independent grounds.

First, Defendant had a permissible purpose to pull Plaintiff's credit report in that Defendant used the information in "review or collection of an account of, the consumer." 15 U.S.C. §1681b(a)(3)(A). Plaintiff's conclusions that "at no time did Plaintiff ever have a relationship of any kind with Defendant as defined within the FCRA 15 U.S.C. §1681b(3)(A)-(F)" and that "Defendant did not have a lawful purpose for requesting, obtaining, or using Plaintiff's consumer credit report" are not enough to state a plausible claim for relief under the FCRA. *See,* Complaint ¶¶8, 9; *See, Makreas v. The Moore Law Group, A.P.C.,* 2011 U.S. Dist. LEXIS 11723, at *10 (N.D. Cal. 2011) (conclusory allegation that FCRA violation occurred as defendant had "no permissible purpose" fails to state a claim.) Furthermore, as explained below, Plaintiff's claim that Defendant was required to report the debt as disputed is wrong because §1681(i) does not apply to Defendant. Plaintiff's Count III under the FCRA fails because Defendant had a permissible purpose and Plaintiff cannot allege a sufficient factual basis to hold Defendant liable under §1681(i).
415731

- 2 -

1  Second, the Complaint itself establishes why Plaintiff's validation of debt claim under §1692(g) of the FDCPA is entirely misplaced. Plaintiff alleges that the initial communication was service of the September 1, 2010 state complaint. *See,* Complaint ¶¶12, 13. Yet, Plaintiff admits that he did not request validation of the debt until over a year later on September 10, 2012. *Id.* ¶10, p. 5. Count I accordingly fails because Plaintiff only had thirty days to request validation of the debt. 15 U.S.C. §1692g(A)(4).

Finally, Plaintiff has failed to plead facts supporting Count II, in which he vaguely claims that "the communications from the Defendants to the Plaintiff discuss [the] alleged amount owed and solicit methods to tender immediate payment, which overshadows the consumer warning." Complaint at p. 6. Plaintiff fails to explain what document he is referring to and also fails to explain how there is an actual contradiction. Moreover, there is nothing improper in issuing a written communication that offers a method of payment to a consumer. *See, Higgins v Capitol Credit Services, Inc.*, 762 F. Supp 1128, 1135 (1991 U.S. Dist. Del.) (Holding that collection agency's follow-up notice to debtor was not improper under 15 USCS § 1692g(a), where notice said that account must be settled within 10 days to stop legal action from commencing, because notice merely encouraged payment of debt and did not overshadow debtor's right to dispute debt within 30 days of initial notice.) Without a specific allegation identifying an actual communication that overshadowed a statutorily imposed warning, Plaintiff's Count II must be dismissed.

Plaintiff has failed to plead facts establishing a violation of either the FDCPA or the FCRA (or the California Rosenthal Act.) Instead, Plaintiff merely recites a statutory definition, pleads vague facts, or pleads facts that defeat his claim. Accordingly, Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6) as any leave to amend would be futile.

## II.
## ALLEGED FACTS

Plaintiff obtained and opened a credit card from Bank of America, N.A. (See Request for Judicial Notice, Exhibit A ¶5). After Plaintiff defaulted on his account, Bank of America sold and assigned Defendant CACH all of its rights associated with the account. (See Request for Judicial Notice, Exhibit A ¶¶6, 10.)

Plaintiff alleges that on November 22, 2010, Defendant obtained his credit report from Experian, TransUnion and Equifax for no lawful purpose, despite Plaintiff having defaulted on his credit card debt. (Complaint ¶7,9.)

On or around September 10, 2012, Plaintiff mailed a letter of dispute to Defendant. (Complaint ¶10.) There is no indication of what Plaintiff was disputing in these letters. Plaintiff alleges that Defendants failed to mark Plaintiff's credit report as "in dispute." (Complaint ¶15.)

On or about May 15, 2012, Plaintiff contacted Experian, TransUnion, and Equifax to dispute the debt. (Complaint p.5.)

On or about September 1, 2011, Defendant, through its counsel, the Mandarich Law Group, filed a complaint in state court to collect the debt owed by Plaintiff ("State Court Action.")[1] (Complaint ¶12.)

On or about September10, 2012, Plaintiff sent Defendant a letter disputing the debt and seeking validation of the debt. (Complaint p. 5.)

On or about October 22, 2012, Plaintiff filed this present complaint, seeking damages for alleged violations of the FRCPA and FCRA.

## III.
## STANDARD

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a motion to dismiss, the complaint's

---

[1] Plaintiff alleges that the State Court Action is attached as Exhibit "A" to his complaint, but the filed complaint does not appear to have the exhibit. Defendant respectfully requests the court take judicial notice of the State Court Action.

"factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955 (2007). Moreover, a motion to dismiss must be granted if the complaint does not allege facts necessary to support a cognizable legal claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly, supra,* 550 U.S. at 545.

When considering a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949-1950 (2009). The court must determine whether the *evidentiary facts* alleged in the complaint support a plausible right to relief that rises above the "speculative level." *Bell Atlantic Corp. v. Twombly, supra,* 550 U.S. at 570. This plausibility standard requires the *factual* allegations of the complaint to reveal more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal, supra,* 129 S.Ct. at 1949. As the Supreme Court explained in *Iqbal*: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotes and citations omitted.)

In ruling on a 12(b)(6) motion to dismiss, the court is not limited to what is alleged in the plaintiff's complaint. The court may consider material submitted with the complaint, such as attachments and exhibits. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1555 fn.19 (9th Cir. 1990); *Neilson v. Union Bank of California,* 290 F.Supp.2d 1101, 1112 (C.D. Cal.2003). The court may also consider documents referred to in the complaint even when such documents are not attached to the complaint itself when the parties do not dispute the authenticity of the document. *In re Stac Electronics Securities Litigation,* 89 F.3d 1399, 1405 fn. 4 (9th Cir. 1996). Courts have held that when a plaintiff chooses not to attach to the complaint or incorporate by reference a document on which it solely relies and

which is integral to the complaint, "the defendant may produce that document when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure." *In re Northpoint Communications Group, Inc., Securities Litigation*, 221 F.Supp.2d 1090,1095 (N.D. Cal.2002; *Neilson v. Union Bank of California*, 290 F.Supp.2d 1101, 1114 (C.D. Cal.2003)). "Defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that ***they do not*** support plaintiff's claim." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) emphasis added. Furthermore, the court need not accept the allegations of a complaint as true when an exhibit to a motion to dismiss contradicts allegations in a complaint. See *Luna v. Kemira Specialty, Inc.*, 575 F.Supp.2d 1166, 1176 (9th Cir. 2008).

Here, Plaintiff's Complaint fails to state actionable facts and must be dismissed.

## IV.
## ARGUMENT

**A. Plaintiff Fails to Plead a Plausible Claim for Relief Under the FCRA.**

Plaintiff's Complaint falls woefully short in pleading a plausible claim for relief under either the FCRA or the FDCPA. Although his Complaint alleges violations of §1681(b) and §1692g, Plaintiff fails to plead anything more than conclusory elements of a cause of action or self-defeating facts. In doing so, Plaintiff fails to provide the "showing" necessary to entitle him to relief. *Twombly*, 550 U.S. at 555.

In support of his FCRA claim, Plaintiff alleges that Defendant pulled his credit report on November 22, 2010 without a permissible purpose because "[a]t no time did Plaintiff ever have a relationship of any kind with Defendant" and "Defendant did not have a lawful purpose for requesting, obtaining or using Plaintiff's consumer credit." Complaint ¶¶ 8, 9. Plaintiff willfully ignores, however, that a debt collector may obtain a consumer report if the collector does so

for the purposes of collecting a debt. *See*, 15 U.S.C. §1681b(a)(3)(A); *Pyle v. First National Collection Bureau*, 2012 U.S. Dist. LEXIS 56737, *7-8 (E.D. Cal., April 23, 2012); *see also, Rodriguez v. Cavalry Portfolio Services, LLC*, 2012 U.S. Dist. LEXIS 30295 (S.D. Cal., March 6, 2012) ("[Plaintiff] alleges that [Defendant pulled his credit report for an improper purpose. He is wrong. A debt collector may access a consumer's credit report in the course of collecting a credit card debt from that consumer."). "It is not necessary for Plaintiff to have had direct dealings with defendant in order for the defendant to lawfully obtain a consumer report." *Id.* (quoting *Hinkle v. CBE Grp.*, 2012 U.S. Dist. LEXIS 26545 (S.D. Ga 2012)). If a debt collector is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as it seeks to use the information in connection with a transaction that the consumer initiated with the original creditor. *Id.*

Here, Defendant, who purchased Plaintiff's delinquent account, retained the MANDARICH LAW GROUP, LLP to pursue Plaintiff for an overdue balance in state court. A true and accurate copy of the state complaint is attached as Exhibit A to the Request for Judicial Notice.[2] The credit card debts arose from Plaintiff's voluntary acquisition of credit from original creditor Bank of America, N.A. Exhibit A ¶5. CACH was assigned the all rights associated with the account by the creditor after Plaintiff defaulted. Exhibit A ¶¶6, 10. Needless to say, as Plaintiff and Defendant are in the midst of state court actions involving these debts, Plaintiff is well aware of the purpose for which Defendant pulled his credit report. As the *Pyle* Court emphasized:

> "As [Defendant] appears to be a collection agency, Plaintiff's conclusory allegations fail to sufficiently set forth facts to establish that

---

[2] Defendant asks this Court to take judicial notice of that Pleading in considering this Motion. *See, United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *accord In re Korean Air Lines, Co., Ltd.*, 642 F.3d 685, 689 n. 1 (9th Cir. 2011); *United States v. Howard*, 381 F.3d 873, 876 n. 1 (9th Cir. 2004). Thus, this Court may take judicial notice of the record of the collateral proceedings in state court.

> Defendant violated the FCRA. Plaintiff fails to establish that Defendant was not, in fact, a collection agency, or that Plaintiff did not owe any debt that Defendant was seeking to collect on behalf of another entity."

*Pyle*, 2012 U.S. Dist. LEXIS 56737 at *9. As in *Pyle*, Defendant was clearly acting to collect on debts and thus, had a permissible purpose. 15 U.S.C. §1681b(a)(3)(A). It follows that Plaintiff has no cause of action.

Moreover, there is no basis to support Plaintiff's FCRA claim pursuant to his suggestion that Defendant was somehow required to report the debt as disputed. *See*, Complaint at p. 7. The defendant cites 15 U.S.C. §1681i, but that applies to furnishers of information, not Defendant. *See, Caltabiano v BSB Bank & Trust Co.* 387 F. Supp. 2d 135, 140-141 (2005 E.D. N.Y.) (holding that 15 U.S.C. §§ 1681e, 1681g, and 1681i apply to consumer reporting agencies); *see also Rush v. Macy's New York, Inc.,* 775 F.2d 1554, 1557 (7th Cir. 1985) (holding that only a consumer reporting agency can be held liable for claims under the FCRA). There is no support for the Complaint under 15 U.S.C. §1681i.

Further, even if Plaintiff had a cause of action, his conclusory allegations fail to establish the willfulness necessary for damages. Here, Plaintiff alleges "willful", Complaint at p. 9, violations of the FCRA and must allege a factual basis to show that "defendant acted willfully in violation of the FCRA to establish a claim for statutory damages." However, Plaintiff only provides conclusory allegations that Defendant's alleged violation of the FCRA was "willful." *See*, Complaint ¶20. As the court explained in *Pyle*, conclusory allegations of willful misconduct are insufficient to state a claim for statutory and punitive damages under 15 U.S.C. §1681n; *Pyle*, 2012 U.S. Dist. LEXIS 56737 at *12; *see also, Chavez*, 2011 U.S. Dist. LEXIS at *4.

Plaintiff must allege how Defendant was individually involved in violating his rights under the Rosenthal Act to avoid dismissal. *See, Myers v. Winn Law Group; APC*, 2011 U.S. Dist. LEXIS 120448 (E.D. Cal. 2011) (dismissing claim by

pro se plaintiff where plaintiff alleged that pulling his credit report "under false pretenses or knowingly without permissible purpose" violated the Rosenthal Act) . Plaintiff has not done so and cannot do so. Accordingly, Count II must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Plaintiff Fails to Plead a Plausible Claim for Relief Under the FDCPA.

Plaintiff alleges that Defendant violated the FDCPA by failing to provide Plaintiff with validation of the debt. Complaint at p. 6. But his own factual assertions show why Count I must be dismissed. Plaintiff alleges that the initial communication was service of the September 1, 2010 state complaint. *See,* Complaint ¶¶12, 13. Plaintiff also alleges that he did not request validation of the debt until over a year later on September 10, 2012. *Id.* ¶10, p. 5. Count I fails because Plaintiff only had thirty days to request validation of the debt. 15 U.S.C. §1692g(A)(4). Plaintiff fails to even allege that he requested validation within 30 days. *See,* Complaint at p. 5. His factual assertions show he did not.

### C. Plaintiff Pleads No Facts Supporting Overshadowing.

Plaintiff vaguely asserts that "communications" between the parties overshadowed a consumer warning by discussing the amount owed and soliciting methods to tender immediate payment. *See,* Complaint at p. 6. Plaintiff fails to explain what communication he refers to and fails to explain any contradiction overshadowing a consumer warning. A collection agency may issue a written communication soliciting a method of payment without overshadowing a consumer warning to dispute debt within 30 days of initial notice. *See, Higgins v Capitol Credit Services, Inc.,* 762 F. Supp 1128, 1135 (1991 U.S. Dist. Del.) Here, Count II must be dismissed because Plaintiff has failed to identify a communication or a method of overshadowing and has instead pled facts that are merely consistent with standard collection proceedings.

# V.
# **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this matter be dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) as any amendment would clearly be futile.

DATED: November 9, 2012

HAYES SCOTT BONINO ELLINGSON & McLAY, LLP

By: _/s/ Dara Tang_
STEPHEN A. SCOTT
DARA M. TANG
Attorneys for Defendant
CACH, LLC

**CASE NAME:** Anthony v. CACH, LLC

**ACTION NO.:** CV12-9057-CAS (JCGx)

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Parkway, Suite 480, Redwood City, California 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s) by 12:00 p.m.

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐ (BY E-MAIL) by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

Melvin Anthony Jr.
c/o 6336 High Cliff Lane
Fontana, CA 92336
Telephone: 818.917.9570
**In Pro Per**

☒ *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 9, 2012 at Redwood City, California.

*/s/ Abigail Calderon*
Abigail Calderon

**PROOF OF SERVICE - CASE NO. CV12-9057-CAS (JCGx)**