

Melvin Anthony Jr., pro se
c/o 6336 High Cliff LN.
Fontana, California [92336]
Telephone: (702) 768-7402
marvelolusmelvinanthony@gmail.com

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

Melvin Anthony Jr.,

     *Plaintiff,*

    v.

CACH, LLC.

     *Defendants*

Case No.: **CV12-9057-CAS (JCGx)**

**TRIAL BY JURY DEMANDED**

**OPPOSITION TO MOTION TO DISMISS**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW the Plaintiff, Melvin Anthony Jr., in opposition to CACH, LLC

("DEFENDANTS") motion to dismiss, states as follows:

1.    The Plaintiff has received the Defendant's response to the complaint in the form

of a Motion to Dismiss, pursuant to Rule 12(b)(6).  May it please the Court, the PLAINTIFF has

disputed with the DEFANDANTS and the three National Credit Reporting Agencies in the same

time period as soon as PLAINTIFF was aware.  The Plaintiff can produce evidence that the

Disputes were received by all the DEFANDANTS and all three National Credit Reporting Agencies.

      2.     This case is NOT about alleged accounts owned, alleged monies owed, or alleged debts. These laws, the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA) provide strict provisions regarding the behavior of debt collectors and furnishers of information to credit reporting agencies and what these entities are required to do upon notification of dispute or request for validation of said accounts.

## NOTICE OF PLEADING

      3.     Under the federal practice of "notice pleading", PLAINTIFF must provide a short and plain statement of the claims, alleging he is entitled to relief; *Federal Rules of Civil Procedure 8(a); Janke Construction Co. v. Vulcan Materials Co.,* 527 F.2d 772 (7th Cir. 1974); *Hrubec v. Nat. R. Pass. Corp.,* 981 F.2d 962 (7th Cir. 1992). PLAINTIFF is not required under Rule (8)(a) to allege a cause of action or legal theory of the case; *Hostrop v. Board of Junior College District* No. 1, 523 F.2d 569 (7th Cir. 1975), *cert. denied,* 425 U.S. 963, 48 L. Ed. 2d 208, 96 S. Ct. 1748 (1975). There are "no technical forms of pleading" and PLANTIFF'S original complaint conforms with the Rules (8)(a), 8(e), 8(f) and 10 of the Federal Rules of Civil Procedure; *Maynard v. General Electric Company,* 486 F.2d 538 (4th Cir. 1973). PLAINTIFF is only required to set forth a short concise and plain statement of claim sufficient to advise the opposing party of the nature of the claim; *Neizil v. Williams,* 543 F. Supp. 899 (U.S.D.C. M.D. Fla. 1982); *Ambling v. Blackstone Cattle Co.,* 658 F. Supp. 1459 (U.S.D.C. N.D. Ill. 1987). The complaint must be in general terms and need not be stated within the framework of a cause of action; *Stanley v. Harper Buffing Machine Co.,* 28 F.R.D. 579 (U.S.D.C. Conn. 1961). Legal conclusions or statements of law must not be alleged in the complaint; *Curacao Trading Co. v.*

*Fed. Ins. Co.*, 3 F.R.D. 203 (U.S.D.C. N.Y. 1942). Further, PLAINTIFF need not allege a theory of action. Id. PLAINTIFF need not specify under what law(s) her case arises; *Ghebreslassie v. Coleman Secur. Svc.*, 829 F.2d 892 (9th Cir. 1987). PLAINTIFF need not plead state laws; *Lumbermans Mut. Cas. Co. v. Norris Grain Co.*, 343 F.2d 670 (8th Cir. 1965). State laws should not be plead as the federal court will take judicial notice of applicable state laws; *Bower v. Casanave*, 44 F. Supp. 501 (U.S.D.C. N.Y. 1941). PLAINTIFF need not state her legal theories and discuss all applicable law(s) which may be applied by the court. Federal courts employ notice of pleadings. PLAINTIFF has done much more than merely put the DEFENDANTS on notice of his claims; *Fed. R. Civ. Proc. 8*.

## DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED

4.   Pursuant to the Federal Rules of Civil Procedure 12(b)(6), and the jurisprudence construing the same, when faced with a Motion to Dismiss under Rule 12(b)(6), the court must treat the facts alleged in the complaint as admitted; *Ward v. Hudnall*, 366 F.2d 247 (5th Cir. 1966); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Furthermore, the complaint is sufficient if it shows that the PLAINTIFF is entitled to any relief, regardless of whether it alleged the proper theory of the case; *Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir. 1974); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1833 (1989). PLAINTIFF's allegations must be treated and presumed as true and correct in all respects and PLAINTIFF's factual allegations are to be liberally construed so that PLAINTIFF is likewise afforded each and every favorable inference to be drawn therefrom; *Scheuer v. Rhodes*, 416 U.S. 232, 94

S.Ct. 1683 (1974); *Miree v. Dekalb County, Georgia*, 433 U.S. 25, 97 S.Ct. 2490
(1977). If admitted and taken as true, the allegations of the PLAINTIFF's
complaint do state claims upon which relief can be granted. Motions to
Dismiss are not favored and are granted only when it appears to a certainty
that no set of facts could be proven at trial which would entitle PLAINTIFF to
any relief; *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201 (6th Cir. 1961).
In considering a motion to dismiss for failure to state a claim upon which
relief can be granted, courts must accept as true, all of the factual
allegations pleaded in the complaint and draw all reasonable inferences in
favor of the non-moving party; *See Bd. of Trs. of Bricklayers & Allied
Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270,
272 (3d Cir. 2001); *Erickson*, 127 S.Ct. at 2200. In *Erickson*, the Supreme
Court stressed the *pro se* (emphasis added) status of the PLAINTIFF in
*Erickson* ---- a far cry from the highly sophisticated antitrust counsel in
*Bell Atlantic*. The Court of Appeals' departure from the liberal pleading
standards set forth by Rule 8(a)(2) is even more pronounced in this particular
case because petitioner has been proceeding, from the litigations outset,
without counsel. A document filed as *pro se* is "to be liberally construed";
*Estelle [v. Gamble]*, 429 U.S. [97] at 106, 97 S.Ct. 285, and "a pro se
complaint, however in artfully pleaded, must be held to less stringent
standards than formal pleadings drafted by lawyers;" *ibid.* (internal
quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ( "···.All pleadings
shall be so construed as to do substantial justice" ). And, Federal Rule of
Civil Procedure 8(a)(2) requires only "a short and plain statement of the
claim, showing that the pleader is entitled to relief." Specific facts are
not necessary; the statement need only "give the DEFENDANTS fair notice of

what the ···.. the claim and the grounds upon which it rests" *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, ----, 127 S.Ct. 1955, --- L.Ed.2d ---, ----- ---- (2007) (slip op., at 7- (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In addition, when ruling on a DEFENDANT'S motion to dismiss, a judge must accept as true, all of the factual allegations contained in the complaint; *Bell Atlantic Corp., supra,* at 1955, 127 S.Ct. 1955 (slip op., at 8-9) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L. Ed.2d 90 (1974)); *Erickson,* 127 S.Ct. at 2200.

The PLAINTIFF clearly stated a claim upon which relief can be granted:

5.     After being unable to resolve this matter through communications with the DEFENDANTS directly and via the credit reporting agencies, PLAINTFF brought a number of federal claims against the DEFENDANTS, including, but not limited to the FCRA provision, section(s) 1681s-2(b),(n)(o). PLAINTIFF's complaint is well-pled, more than adequate and does comply with the Federal Rules of Civil Procedure 8(a).

6.     DEFENDANTS brought this motion to dismiss each and every count against them, including violations of section 1681-s(2). There is plainly a private right and cause of action under section 1681s-2(b). See, for example, *Whitesides v. Equifax Credit Information Services, et al,* 125 F. Supp.2d 807 and 125 F. Supp.2d 813 (U.S.D.C. W.D. La. 2000) (two opinions) (on point factually and legally); *Nelson v. Chase Manhattan Mortgage,* _____ F.3d _____, 2002 Westlaw 316714 (9th Cir. 2002) (Nev.) (3/1/02) (finding a private right

of action under 1681s−2(b) and noting an overwhelming authority (roughly 30 district courts) rejecting the erroneous *Carney v. Experian Information Solutions, Inc.*, 57 F. Supp.2d 496 (U.S.D.C. W.D. Tenn. 1999) (which also bought into the ill-fated 1681t(b)(1)(F) position of defendant), decision. Dornhecker ro. Ameritech Corp., 99 F. Supp. 2d 918 (N.D. Ill. 2000). A U.S. District Court held that the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681 *et seq.*, permits consumers to bring private causes of action against furnishers of information to credit reporting agencies who fail to properly investigate disputed credit information.

7.   The Federal Trade Commission also recognizes, however, the importance of private enforcement actions as a vital additional means of securing compliance with the FCRA's requirements. Congress has provided broad authority for consumers to seek damages for the violation of the FCRA by "any person"; 15 U.S.C. § § 1681n, 1681o. As a matter of statutory interpretation, the inquiry begins (and often ends) "with the plain meaning of the statute's language." *See Botosan v. Paul McNally Realty*, __ F.3d __, 2000 WL 781015 at *3 (9th Cir. June 20, 2000) (citing *United States v. Alvarez-Sanchez*, 511 U.S. 350, 356 (1994)). Where, as here, Congress has clearly and expressly provided for a private right of action, no prior case law is necessary. In the present case, the language creating the private cause of action could hardly be more clear. Sections 616 and 617 of the act, 15 U.S.C. § § 1681n, 1681o, expressly create private damage actions for, respectively, willful and negligent violations of the FCRA.

8.    The issues in this complaint are not of any alleged debt, but the methods that the DEFENDANTS reported and did not report into the PLAINTIFF'S credit reports and it's failure to maintain the proper systems to prevent errors as well as the DEFENDANTS failure to validate the alleged debt.


### CONCLUSION

PLAINTIFF believes he has addressed and opposed arguments submitted by Mover DEFENDANTS.   PLAINTIFF intends to oppose each such argument and request by Mover.   None of the claims by the DEFENDANTS are subject to dismissal and are not properly plead.   PLAINTIFF respectfully asserts that the DEFENDANT'S motion should be denied.   The PLAINTFF is more than willing to participate in any reasonable settlement negotiations to this action that are amicable to both parties.   PLAINTIFF'S will come anytime to the table to discuss the possibility of a settlement agreement in order to save time and resources of both parties.   The PLAINTIFF respectfully move the court to order this case to Rule 16 and or Rule 26(f) (Discovery) in these matters.


Respectfully submitted this 6th day of  February 2013


Melvin Anthony Jr., Plaintiff, pro se
c/o 6336 High Cliff Lane
Fontana, California [92336]
Telephone: (702) 768-7402
marvelousmelvinanthony@gmail.com

MEMORANDUM IN OPPOSITION - ANTHONY

## CERIFICATE OF SERVICE

I, Anny V. Anthony, do hereby certify that I am not a party to the cause herein, and that on _____, 2012, I served the **OPPOSITION TO MOTION TO DISMISS** upon each party or counsel named below by depositing in the United States mail, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with postage thereon fully pre-paid.

**STEPHEN A. SCOTT (SBN 67467)**
DARA M. TANG (SBN 231413)
**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
203 Redwood Shores Parkway, Suite 480
Redwood City, CA 94065

Attorneys for Defendant CACH, LLC

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Dated:_____                    _____
                                                                    (signature)

                                                                    _____
                                                                    Anny V. Anthony
                                                                    6336 High Cliff LN.
                                                                    Fontana, CA 92336