1 | STEPHEN A. SCOTT (SBN 67467)
2 | DARA M. TANG (SBN 231413)
**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
3 | 203 Redwood Shores Parkway, Suite 480
4 | Redwood City, CA 94065
Telephone: 650.637.9100
5 | Facsimile: 650.637.8071

6

7 | Attorneys for Defendant CACH, LLC.

8 | UNITED STATES DISTRICT COURT

9 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

10 | MELVIN ANTHONY JR., pro se

11

12 | Plaintiff

13 | v.

14 | CACH, LLC, a Colorado limited

15 | liability company,

16 | Defendant.

17

CASE NO.   CV12-9057-CAS (JCGx)

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Date:      **March 11, 2013**
Time:      **10:00 a.m.**
Ctrm.:     **5, 2nd Floor**

18 |     Defendant CACH, LLC hereby submits its reply brief in support of its Motion
19 | to Dismiss:

20 |                                         **I.**
21 |                              **INTRODUCTION**
22 |     Plaintiff's Opposition fails to address the deficiencies present in the
23 | Complaint and the court should dismiss the Complaint in its entirety.
24 |     First, Plaintiff's claim for violation of the Fair Credit Reporting Act on the
25 | grounds that Defendant improperly pulled his credit report fails as a matter of law
26 | because Defendant had a permissible purpose to pull Plaintiff's credit report in
27 | "review of collection of an account of the consumer." 15. U.S.C. §1681b(a)(3)(A.)
28 | Similarly, Plaintiff's claim that Defendants failed to report his debt as disputed fails

433581                                    - 1 -

1  because there is no requirement that Defendants do so.  Rather, 15 U.S.C. §1681i

2  pertains to consumer reporting agencies, not to Defendants.

3        Second, Plaintiff's claim under §1692(g) of the FDCPA for Defendants'

4  failure to validate the debt fails as a matter of law because Plaintiff did not request

5  validation of the debt within the time for him to do so.  15 U.S.C. §1692g(A)(4).

6        Finally, Plaintiff's claim of "overshadowing" fails as a matter of law because

7  Plaintiff fails to make any factual allegation identifying an actual communication

8  that overshadowed a statutorily imposed warning.

9        Plaintiff fails to plead facts establishing any violation of either the FDCPA or

10  FCRA and Plaintiff's complaint should be dismissed in its entirety.

11                                      **II.**

12  **PLAINTIFF'S CLAIMS UNDER THE FCRA FAIL AS A MATTER OF LAW.**

13        The law is clear that a debt collector may obtain a consumer report if the

14  collector does so for the purposes of collecting a debt. *See*, 15 U.S.C.

15  §1681b(a)(3)(A); *Pyle v. First National Collection Bureau*, 2012 U.S. Dist. LEXIS

16  56737, *7-8 (E.D. Cal., April 23, 2012); *see also, Rodriguez v. Cavalry Portfolio*

17  *Services, LLC*, 2012 U.S. Dist. LEXIS 30295 (S.D. Cal., March 6, 2012) ("[Plaintiff]

18  alleges that [Defendant pulled his credit report for an improper purpose. He is

19  wrong. A debt collector may access a consumer's credit report in the course of

20  collecting a credit card debt from that consumer."). "It is not necessary for Plaintiff

21  to have had direct dealings with defendant in order for the defendant to lawfully

22  obtain a consumer report." *Id.* (quoting *Hinkle v. CBE Grp.*, 2012 U.S. Dist. LEXIS

23  26545 (S.D. Ga 2012)).  Here, Defendant CACH was assigned all the rights

24  associated with the account by the original creditor, Bank of America, after Plaintiff

25  defaulted on his account.  Accordingly, any claim by Plaintiff that Defendant

26  improperly pulled his credit report fails as a matter of law where Defendant was

27  entitled to do so in the course of collecting a debt.

28

1   Further, Plaintiff's claim that Defendant failed to report the debt as disputed

2   under 15 U.S.C. §1681i also fails as a matter of law because Defendant is <u>not</u> a

3   consumer reporting agency. *See, Caltabiano v BSB Bank & Trust Co.* 387 F. Supp.

4   2d 135, 140-141 (2005 E.D. N.Y.) (holding that 15 U.S.C. §§ 1681e, 1681g,

5   and1681i apply to consumer reporting agencies); *see also Rush v. Macy's New York,*

6   *Inc.,* 775 F.2d 1554, 1557 (7th Cir. 1985) (holding that only a consumer reporting

7   agency can be held liable for claims under the FCRA). The requirement that

8   Defendant report a debt is disputed falls only on consumer reporting agencies.

9   Defendant is not a consumer reporting agency and thus cannot be held liable for

10  alleged violations of 15 U.SC. §1681i.

11                              **III.**

12  **PLAINTIFF'S CLAIM UNDER THE FDCPA FAILS AS A MATTER OF**
                              **LAW**
13
     The FDCPA is clear that a consumer only has thirty days in which to request
14
    validation of a debt:
15

16      (a) Within five days after the initial communication with
17          a consumer in connection with the collection of any
            debt, a debt collector shall, unless the following
18          information is contained in the initial communication
19          or the consumer has paid the debt, send the consumer
            a written notice containing
20

21              . . .

22
        (3) a statement that unless the consumer, within thirty
23          days after receipt of the notice, disputes the validity of
            the debt, or any portion thereof, the debt will be assumed
24          to be valid by the debt collector;
25
        (4) a statement that if the consumer notifies the debt
26          collector in writing within the thirty-day period that the
            debt, or any portion thereof, is disputed, the debt
27          collector will obtain verification of the debt or a copy of
28

433581                          - 3 -

1   the judgment against the consumer and a copy of such
2   verification or judgment will be mailed to the consumer
    by the debt collector.  15 U.S.C. §1692g(a)(3) and (4).
3

4   Here, Plaintiff alleges that he did not request validation of the debt until a year
5   after the lawsuit was filed.  (Complaint ¶10, p.5.) The complaint establishes that
6   Plaintiff failed to request validation of the debt within the 30 day period.
7   Accordingly, Defendants could not have violated 15 U.S.C. 1692g(a) when Plaintiff
8   did not make his request for validation within the time required to do so.  This claim
9   fails as a matter of law and the Complaint should be dismissed in its entirety.

10
## IV.
11  ## PLAINTIFF'S CLAIM FOR 'OVERSHADOWING' FAILS AS A MATTER
    ## OF LAW.
12
13  The law is clear that a collection agency may issue a written communication
14  soliciting a method of payment without overshadowing a consumer warning to
    dispute debt within 30 days of initial notice. *See, Higgins v Capitol Credit Services,*
15
16  *Inc.*, 762 F. Supp 1128, 1135 (1991 U.S. Dist. Del.) (Holding that collection agency's
17  follow-up notice to debtor was not improper under 15 USCS § 1692g(a), where
18  notice said that account must be settled within 10 days to stop legal action from
19  commencing, because notice merely encouraged payment of debt and did not
20  overshadow debtor's right to dispute debt within 30 days of initial notice.)   Here,
21  Plaintiff fails to specify what communication purportedly overshadowed any
22  consumer warning.  Plaintiff further fails to identify the method of overshadowing.
    This claim fails as a matter of law.
23

24
## V.
    ## CONCLUSION
25
26  Based on the foregoing, Defendants request that the Court dismiss Plaintiff's
    Complaint in its entirety.
27
28  / / /

1

2  DATED: February 25, 2013          HAYES SCOTT BONINO ELLINGSON &
                                     McLAY, LLP
3

4
                                     By: _____
5                                        STEPHEN A. SCOTT
                                         DARA M. TANG
6                                        Attorneys for Defendant
7                                        CACH, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - CASE NO. CV12-9057-CAS (JCGx)**

1 | **CASE NAME:** Anthony v. CACH, LLC

2 | **ACTION NO.:** CV12-9057-CAS (JCGx)

3 | ### PROOF OF SERVICE

4 |       I am a citizen of the United States. My business address is 203 Redwood Shores Parkway,
5 | Suite 480, Redwood City, California 94065. I am employed in the County of San Mateo where this
service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily
6 | familiar with my employer's normal business practice for collection and processing of
correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is
7 | deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course
of business.

8 |       On the date set forth below, following ordinary business practice, I served a true copy of the
9 | foregoing document(s) described as:

10 | **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

11 | ☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax
number(s) set forth below, or as stated on the attached service list, on this date
12 | before 5:00 p.m.

13 | ☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be
placed in the United States mail at Redwood City, California.

14 | ☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand
this date to the offices of the addressee(s) by 12:00 p.m.

15 | ☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an
16 | overnight delivery carrier with delivery fees provided for, addressed to the
person(s) on whom it is to be served.

17 | ☐ (BY E-MAIL) by transmitting via electronic mail the document(s) listed above to
the email address(es) set forth below, or as stated on the attached service list, on
18 | this date before 5:00 p.m.

19 |                Melvin Anthony Jr.
20 |              c/o 6336 High Cliff Lane
                Fontana, CA 92336
21 |            Telephone: 818.917.9570
                  **In Pro Per**

22 |

23 | ☒ *(Federal)* I declare under penalty of perjury under the laws of the State of
California that the above is true and correct.

24 |
Executed on February 25, 2013 at Redwood City, California.
25 |
26 |                                        _Abigail Calderon_
                                          Abigail Calderon
27 |
28 |