UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9057 CAS (JCGx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | MELVIN ANTHONY JR. V. CACH, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Dara Tang |

**Proceedings:**   MOTION TO DISMISS CAUSE OF ACTION (Docket #6, filed November 9, 2012)

## I.   INTRODUCTION

Plaintiff Melvin Anthony Jr., proceeding pro se, filed this action in this Court on October 22, 2012.  Cach, LLC is the sole defendant.  Plaintiff's complaint asserts three claims for relief: (1) failure to validate debt under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g, (2) taking actions inconsistent with plaintiff's right to dispute a debt in violation of 15 U.S.C. § 1692g, (3) and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.

On November 19, 2012, defendant filed a motion to dismiss plaintiff's complaint. After seeking continuances, plaintiff filed an opposition on February 11, 2013, and defendant replied on February 25, 2013.  Defendant's motion is before the Court.

## II.   BACKGROUND

This case arises out defendant's attempts to collect a debt from plaintiff, and plaintiff's attempts to dispute that debt.  Plaintiff alleges that on November 22, 2010, defendant pulled plaintiff's credit report from non-party credit reporting agencies Experian, Transunion, and Equifax (collective "CRAs").  Comp. ¶ 7.  Plaintiff alleges that defendant had no permissible purpose for pulling plaintiff's credit report.  Id. ¶ 8.

Subsequently, on September 1, 2011, defendant initiated a state court lawsuit against plaintiff in an attempt to collect a debt.  See Dkt. #7, Def. Request for Judicial Notice, Ex. 1 ("State Court Complaint"); Comp. ¶ 11.  In the state court lawsuit,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9057 CAS (JCGx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | MELVIN ANTHONY JR. V. CACH, LLC | | |

defendant alleged that it was assigned credit card debt that plaintiff originally owed to non-party Bank of America. State Court Complaint ¶¶ 5 – 6. The summons and complaint in the state court lawsuit were the first written communications between plaintiff and defendant regarding debt. Comp. ¶ 13. Plaintiff sets out no facts describing what took place in the state court lawsuit, but on September 10, 2012, plaintiff mailed a letter to defendant disputing the debt alleged in the state court lawsuit, and requested that defendant validate the debt by providing proof of indebtedness. Comp. ¶ 24. Plaintiff alleges that despite disputing the existence of the debt, defendant has failed to inform the CRAs that plaintiff is disputing the debt. Id.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9057 CAS (JCGx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | MELVIN ANTHONY JR. V. CACH, LLC | | |

that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV.    ANALYSIS**

    **A.    Plaintiff's Claims under the FCRA**

Plaintiff argues that defendant obtained his credit report without a permissible purpose in violation of the FCRA, 15 U.S.C. § 1681n,o. The FCRA establishes civil liability for "any person" who knowingly or negligently obtains a consumer's credit report without a "permissible purpose." The statutorily approved "permissible purposes" for obtaining a credit report are set out in 15 U.S.C. section 1681b. One such permissible purpose allows a debt collector to obtain a credit report if the debt collector "intends to use the information in connection with . . . review or collection of an account of the consumer." 15 § 1681b(a)(3)(A); see also Pyle v. First Nat. Collection Bureau, 2012 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9057 CAS (JCGx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | MELVIN ANTHONY JR. V. CACH, LLC | | |

5464357, 4 (E.D. Cal. 2012) ("if a collection agency is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as it seeks to use information in connection with a transaction that the consumer initiated with the creditor").

  Plaintiff generally alleges that defendant did not have a lawful purpose for obtaining his credit report, but does not explain why. Crucially, even though plaintiff alleges that defendant has been attempting to collect a debt plaintiff purportedly owes Bank of America, plaintiff does not dispute the existence of the Bank of America debt nor the fact that it was assigned to defendant. Instead, plaintiff only "denies every having any contractual agreement for credit, loans, or services . . . with defendant CACH," and in fact also alleges that the existence of any debt is not the focus of his complaint. See Comp. ¶ 24 ("the alleged debt is not in question here."). Consequently, because plaintiff has only provided a "formulaic recitation" of the elements of a claim under the FCRA, and because plaintiff's allegations seem to admit that defendant is engaging in collection activities, plaintiff has not adequately pled a claim under the FCRA. Iqbal, 556 U.S. at 678.

  Plaintiff also alleges that defendant violated the FCRA by failing to report the fact that he disputed the debt that defendant sought to collect in the state court lawsuit. This claim is brought under 15 U.S.C. § 1681s-2, which provides for liability for "furnishers of information." "The FCRA does not define the term 'furnisher,' but courts have defined the term as an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies." Jarret v. Bank of America, 421 F. Supp. 2d 1350, 1352 n.1 (D. Kan. 2006). Section 1681s-2(b) places several duties upon a furnisher of information. These duties only come about, however, after a furnisher of information receives a notice of dispute regarding the completeness or accuracy of information pursuant to section 1681i(a)(2), and "[n]otice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer." SimmsParris v. Countrywide Financial Corp., 652 F.3d 355, 358 (3d. Cir. 2011); see also Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). It therefore follows that plaintiff's claim under § 1681s-2 fails because he does not allege that a credit reporting act provided defendant with a notice of dispute, but instead only contends that plaintiff himself provided defendant with a notice of dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9057 CAS (JCGx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | MELVIN ANTHONY JR. V. CACH, LLC | | |

**B. Plaintiff's Claims under the FDCPA**

Plaintiff alleges two claims under 15 U.S.C. section 1692g: failure to provide validation of debt, and unlawful "overshadowing" of a consumer warning. With respect to validation of debts, section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

15 U.S.C. § 1692g(a)(4). Plaintiff fails to allege a violation of this statute because he fails to allege that he requested validation of the debt within thirty days of an initial communication. Plaintiff merely alleges that he first requested validation of the debt on September 10, 2012, but does not identify an "initial communication" with defendant thirty days prior to sending this request. Consequently, plaintiff's claim is dismissed, with leave to amend to allege that his letter was sent within thirty days of an initial communication between plaintiff and defendant.[1]

Similarly, the Court dismisses plaintiff's claim for overshadowing under section 1692g. Overshadowing occurs when a debt collector sends a consumer the statutorily required notice regarding validation under section 1692g, but includes other language that

---

[1] The parties both assume, incorrectly, that their "initial communication" regarding the debt took place when plaintiff was served with summons and the complaint in the state court lawsuit. However, under § 1692g(d) "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section." The parties submissions therefore provide the Court with no information regarding when the initial communication took place.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9057 CAS (JCGx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | MELVIN ANTHONY JR. V. CACH, LLC | | |

contradicts the information in the statutorily required notice to such an extent that it would make "the least sophisticated consumer uncertain as to her rights." Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 85, 90 (2d. Cir. 2008). Plaintiff's claim for overshadowing fails, however, because plaintiff has not identified any communication between plaintiff and defendant other than the summons and complaint in the state court lawsuit. Consequently, plaintiff has not identified either a communication containing the statutorily required notice in section 1692g, nor any communication that could have overshadowed that notice. Plaintiff's claim should therefore be dismissed with leave to amend, to allow plaintiff to identify the communication in which plaintiff was provided with the statutorily required notice under section 1692g and the communication which allegedly overshadowed that notice.

**V.    CONCLUSION**

In accordance with the foregoing, plaintiff's claims are hereby DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended pleading correcting the deficiencies described above by **April 8, 2013**. Failure to do so may result in dismissal of this case with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |